1539
#5
Paid

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| **CARL ZITTRER** | : |
| **PLAINTIFF,** | : |
| VS. | : CASE NO: |
| | : 2:25 cv 1686 |
| **LEGENDARY PICTURES FILMS, LLC** | : |
| & | : |
| **LEGENDARY FEATURES PRODUCTIONS US, LLC** | : |
| & | : |
| **LEGENDARY PICTURES PRODUCTIONS, LLC** | : |
| & | : |
| **LEGENDARY ENTERTAINMENT, LLC** | : |
| & | : |
| **WARNER BROS. DISCOVERY, INC.** | : |
| & | : |
| **BMG RIGHTS MANAGEMENT US, LLC** | : |
| & | : |
| **WILD WEST PICTURE SHOW PRODUCTIONS, INC.** | : |
| & | : |
| **HOME BOX OFFICE, INC.** | : |
| **DEFENDANTS.** | : |

FILED
OCT 29 2025
CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff, Carl Zittrer, Pro Se, brings this Complaint against the above-named Defendants for damages and injunctive relief, and in support thereof, alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under the Copyright Act of 1976, 17 USC §§ 101 et seq. Plaintiff Carl Zittrer, a professional composer and producer of television and motion picture film music, seeks damages and injunctive relief against Defendants for the unauthorized use of his copyrighted CD Sound Recording.

2. Plaintiff, along with co-composer Paul Zaza, created the original score for the 1983 feature film *A CHRISTMAS STORY*. Then, in 2008, with express permission from the presumed movie rights owner Warner Bros. ("WB"), they produced a CD Sound Recording based on the 1983 movie score titled "*A Musical Tribute - [to] Bob Clark's 'A CHRISTMAS STORY' - 25th Anniversary Limited Edition*" ("Plaintiff's CD Sound Recording"). WB, under the direction of Katherine Chilton, then WB Vice President and Senior Litigation Counsel, copied the album in every aspect, then released the copy with WB's cover art - effectively stealing Plaintiff's work. **(Exhibit 1: CD cover art from Plaintiff's CD & cover art from WB's copy)**

3. In 2009, Plaintiff registered his copyright in his CD Sound Recording with the Library of Congress as SR 642-381. In that same registration, Plaintiff registered the text of his Liner Notes as TX 7-128-903S. **(Exhibit 2: Copyright Documents from Library of Congress)**

4. In 2022, Defendant Legendary produced *A CHRISTMAS STORY CHRISTMAS* (hereinafter "the Sequel"), a sequel to the original 1983 film *A CHRISTMAS STORY*. Defendants incorporated Plaintiff's CD Sound Recording into the Sequel's soundtrack without obtaining Plaintiff's authorization or license.

5. On or about November 17, 2022, the Sequel was released. Plaintiff discovered the infringement around that time and contacted Defendants within a few days in an effort to resolve the matter. Defendants failed to respond meaningfully and continued to exploit Plaintiff's copyrighted CD Sound Recording without permission. As a result, Plaintiff seeks relief for the willful infringement of his exclusive rights under 17 USC § 106 et al.

6. By this action, Plaintiff seeks damages for the unauthorized copying, distribution, and public performance of Plaintiff's CD Sound Recording. Plaintiff also seeks an injunction against exhibition and distribution of the Sequel to prevent further infringement by Defendants.

## PARTIES

7. Plaintiff is a music composer residing in Pittsburgh, Pennsylvania. He has worked professionally as a television and film composer, music editor, and musicologist since 1972.

8. Defendants Legendary Pictures Productions, LLC; Legendary Features Productions US, LLC; and Legendary Pictures Films, LLC (collectively, "Legendary") are affiliated entities of a mass media and film production company based in Burbank, California. Each Defendant willfully infringed Plaintiff's CD Sound Recording despite having been timely notified of such infringement.

9. Defendant Warner Bros. Discovery, Inc. ("WB") is the parent entity of the Warner Bros. group of entities. Although its current executives may not have been personally aware of Plaintiff's copyright in his CD Sound Recording, Defendant WB is a willful infringer because its corporate predecessor, Warner Bros. Entertainment Inc., had knowledge of Plaintiff's copyrighted CD Sound Recording as early as 2009 when then WB Vice President and Senior Litigation Counsel engineered what was effectively WB's theft of Plaintiff's work.

10. Defendant BMG Rights Management US, LLC ("BMG"), one of the world's largest music publishers and rights administrators, may have erroneously believed that its purported administration rights extended to Plaintiff's CD Sound Recording and that it was therefore entitled to grant a license to Defendant Legendary. However, Plaintiff promptly informed BMG that neither BMG nor WB held any rights in Plaintiff's CD Sound Recording. Despite this notice, BMG failed to take corrective action. Accordingly, Defendant BMG is a willful infringer because it continued to infringe after being timely informed of its lack of rights.

11. Defendant Wild West Picture Show Productions, Inc. is a film production company incorporated in Illinois with offices in Los Angeles, California. While Plaintiff is unaware whether this Defendant was directly informed of the infringement of Plaintiff's CD Sound Recording or indirectly informed by other Defendants, Wild West is liable at least as a vicarious infringer by virtue of its role as a credited producer of the infringing Sequel described in Paragraph 4 above.

12. Defendant Home Box Office, Inc. ("HBO") is a multinational media and entertainment company operating as a unit of Defendant Warner Bros. Discovery, Inc. HBO is a willful infringer as it was timely informed of its infringement of Plaintiff's copyright, but failed to take corrective action.

## JURISDICTION AND VENUE

13. This is an action arising under the Copyright Act, 17 USC § 501. This Court has subject matter jurisdiction over these claims pursuant to 28 USC §§ 1331 and 1338(a).

14. Defendants are subject to personal jurisdiction in this Court for two reasons: first, because they engage in substantial business activities in this District; and second, because the actions giving rise to these claims occurred in this District.

15. Venue is proper in this District under 28 USC §§ 1391(b), 1391(c), and 1400(a) because the events giving rise to Plaintiff's claims occurred here, and Plaintiff's copyrighted CD Sound Recording is commercially exploited in this District. Defendants continue to distribute, exhibit, and stream the Sequel containing Plaintiff's CD Sound Recording within this District, including through platforms such as HBO Max and other streaming services, thereby infringing Plaintiff's rights and deriving profits to which Defendant is not entitled..

## STATEMENT OF FACTS

### A. The Copyrighted Work At Issue

16. Plaintiff brings this action for violations of his exclusive rights under the Copyright Act, 17 USC § 106, specifically related to the unauthorized copying and distribution of Plaintiff's CD Sound Recording.

17. Plaintiff, along with his partner, Paul Zaza, composed and produced the original musical score for the 1983 feature film *A CHRISTMAS STORY*. Although it is possible that the rights to that original score may be disputed in a future action, they are not in dispute in this action. **(Exhibit 3: photo of Plaintiff's 1983 screen credit)**

18. The original 1983 film, *A Christmas Story*, was produced by Christmas Tree Films Inc., a Canadian corporation, for MGM/UA Entertainment Co. ("MGM"). Over time, MGM's film library, including the 1983 *A Christmas Story*, was sold and transferred to various third parties. Ultimately, the rights to the 1983 *A Christmas Story* ended up with Warner Bros. ("WB"), which is the current rights holder of the original 1983 film. This context explains why Plaintiff sought permission from WB for Plaintiff's CD Sound Recording instead of MGM.

19. In 2008, Plaintiff requested from WB to create a CD of a new musical work based on the music from the 1983 film. WB's permission was granted in 2009 by WB's then Senior Vice President of Theatrical Catalogue Marketing, George Feltenstein ("Feltenstein"), and Keith Zajic, then WB's Executive Vice President of Business Affairs ("Zajic").
**(Exhibit 4-a: Feltenstein email of 30 March 2009 showing WB's permission to produce the CD)**
**(Exhibit 4-b: text of Feltenstein voice mail of 3 June 2009)**

20. Relying on WB's permission, Plaintiff produced a CD Sound Recording titled *A Musical Tribute [to] Bob Clark's 'A Christmas Story' – 25th Anniversary Limited Edition* at Plaintiff's own expense. Plaintiff assigned a unique title to each "cut" on his CD which are the same titles of the "cuts" which Defendants used without permission seen on their Sequel. These unique titles did not exist in the original 1983 film, but were created exclusively for Plaintiff's CD Sound Recording. The use of these unique titles on Defendants' Sequel proves that Defendants infringed Plaintiff's CD and did not copy the music from the original 1983 film.
**(Exhibit 5: rear J card from Plaintiff's CD Sound Recording showing unique titles)**

21. Plaintiff's CD Sound Recording is not merely the usual copy of the score from the 1983 film, but is substantially different in structure and content, thus entitling Plaintiff to register copyright on his CD Sound Recording with the Library of Congress per Paragraph 3 above.
**(Exhibit 6-a: Daniel Schweiger's 7 February 2009 review of Plaintiff's CD)**
**(Exhibit 6-b: Randall Larson's 21 December 2009 review of Plaintiff's CD)**
**(Exhibit 6-c: Component source list from 2008 CD production)**

22. WB's permission was firmly established by the fact that WB distributed and sold Plaintiff's CD Sound Recording through Rhino Records, a WB subsidiary, and caused it to be publicly available on platforms such as Amazon, Barnes & Noble, Apple Music, Spotify, and other online and physical retailers. Despite WB's undertakings to acquire the rights to Plaintiff's CD Sound Recording and to compensate Plaintiff for sales, WB never acquired rights and never compensated Plaintiff.

23. It should be noted that Defendant Legendary's 2022 motion picture, *A CHRISTMAS STORY CHRISTMAS* ("the Sequel"), is a sequel to WB's 1983 motion picture *A CHRISTMAS STORY*. Upon information and belief, WB was closely involved with the production of Defendant's Sequel, thus making Plaintiff's CD Sound Recording available to Defendants.

24. Plaintiff is, and has always been, the exclusive owner of the copyright of his CD Sound Recording under United States law. Under the Copyright Act, Plaintiff holds the exclusive rights to reproduce and distribute Plaintiff's copyrighted CD Sound Recording to the public.

25. In 2022, Defendant Legendary copied Plaintiff's copyrighted CD Sound Recording and incorporated it into Defendant Legendary's Sequel (*A CHRISTMAS STORY CHRISTMAS*) without Plaintiff's permission.
**(Exhibit 7: photo of end credits from Defendants' Sequel film with song titles).**

26. As a result of this unauthorized use, Defendants have infringed Plaintiff's copyright in his CD Sound Recording in violation of 17 USC §§ 106 and 501 et al.

27. Plaintiff brings this action to seek damages for Defendants' infringement and to halt the ongoing unauthorized use of his copyrighted CD Sound Recording.

## B. Infringement By Defendants.

28. After his CD Sound Recording was created and registered with the U.S. Copyright Office, but prior to the filing of this action, Defendants infringed Plaintiff's CD Sound Recording without authorization.

29. In 2022, Defendant Legendary Pictures, LLC, located in Burbank, CA, infringed on Plaintiff's copyright by including Plaintiff's CD Sound Recording in the soundtrack of their Sequel. This fact reiterates the unauthorized use as detailed in Paragraph 28 above.

30. Defendants have never been licensed or granted permission by Plaintiff to use Plaintiff's CD Sound Recording in any manner.

31. Defendants knew, or should have known, that Plaintiff's CD Sound Recording required Plaintiff's authorization for its use.

32. Upon information and belief, the Sequel was released in the United States on 17 November 2022 via the video streaming service provided by Defendant Home Box Office, Inc.

33. After copying Plaintiff's CD Sound Recording, Defendants incorporated and included Plaintiff's CD Sound Recording in the Sequel's soundtrack, then distributed their Sequel containing the Plaintiff's infringed material as part of their regular business operations.

34. Defendants infringed Plaintiff's copyright by copying and publicly performing Plaintiff's CD Sound Recording without authorization, thereby violating Plaintiff's exclusive rights under the Copyright Act (1976).

35. Plaintiff first discovered the infringement in 2022 when the Sequel was first released.

36. Plaintiff never gave Defendants permission or license to copy, distribute, or utilize his copyrighted CD Sound Recording which is at issue in this case.

37. Upon information and belief, Defendants earn profits by distributing and exhibiting the Sequel for a fee and by selling advertisements during its showing.

38. Plaintiff timely notified Defendants of the infringement on 29 November 2022, 5 December 2022, and 12 December 2022. This shows that Defendants were aware of the infringement but chose to ignore it. To date, Defendants have shown no intention to resolve or even investigate the matter. (**Exhibit 8-a thru 8-g; Plaintiff's correspondence with Defendants**)

39. The method of copying is irrelevant to Plaintiff's exclusive rights under 17 US Code § 106. Therefore Attorney Bergren's email to Plaintiff dated December 5, 2022 in which she states that Defendant "Legendary created its own versions" of Plaintiff's CD Sound Recording (**see Exhibit 8-d, above**) constitutes an express admission of the infringement that is the basis of this action.

40. Defendants' refusal to address the matter even when invited to do so by Plaintiff suggests that their acts of infringement were willful, intentional, and were carried out with blatant disregard for Plaintiff's rights.

## FIRST CLAIM FOR RELIEF
### For Copyright Infringement - Against All Defendants
### (17 USC §§ 106 and 501)

41. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. In 2009 Plaintiff registered his CD Sound Recording with the United States Copyright Office in accordance with 17 USC § 411(a).

43. Plaintiff is, and at all relevant times has been, the owner of the exclusive rights in and to his copyrighted CD Sound Recording under the Copyright Act of 1976, 17 U.S.C. §§ 106 et seq. These exclusive rights include, without limitation, the rights to reproduce, distribute, publicly perform, prepare derivative works based on, and license the reproduction and use of his CD Sound Recording.

44. Plaintiff has never authorized Defendants, by license or otherwise, to utilize, copy, or incorporate by any method or means his copyrighted CD Sound Recording in the soundtrack of their Sequel.

45. Defendants infringed upon Plaintiff's exclusive rights under 17 USC §§ 106 and 602 by reproducing, distributing, exporting, and publicly performing the Plaintiff's CD Sound Recording without Plaintiff's authorization, and by creating unauthorized derivative works of Plaintiff's CD Sound Recording in violation of 17 USC § 501.

46. Although Defendant Legendary may have erroneously believed that it had secured the necessary rights from BMG (WB's publishing agent) for a fee of $40,000 (**Exhibit 9: BMG Synchronization License**), this belief was unfounded. Defendants' subsequent failure to respond to Plaintiff, coupled with their failure to conduct even basic due diligence – despite the fact that their Boards of Directors and retained legal counsel include music attorneys and multiple entertainment law specialists – demonstrates a reckless disregard for Plaintiff's rights which constitutes willful blindness under 17 USC § 504(c)(2).

47. As a result of Defendants' infringement, Plaintiff has suffered substantial damages.

48. The harm to Plaintiff is ongoing and irreparable, and Plaintiff has no adequate remedy at law.

49. As a direct result of their infringement, Defendants have profited from the unauthorized use of Plaintiff's CD sound recording in amounts to be determined at trial, pursuant to 17 U.S.C. § 504(b). Alternatively, Plaintiff may elect to seek statutory damages under 17 U.S.C. §§ 504 and 505. Given Defendants' reckless disregard for Plaintiff's rights, Plaintiff may also be entitled to enhanced damages, including consultancy fees and other relief, if the infringement is found to be willful.

50. Defendants' ongoing infringement of Plaintiff's copyright will continue to cause substantial and irreparable harm unless enjoined by this Court. Plaintiff is entitled to injunctive relief under 17 USC § 502 to prevent further infringement.

## SECOND CLAIM FOR RELIEF
### For Vicarious and/or Contributory Copyright Infringement - Against All Defendants
### (17 USC §§ 106 and 501)

51. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52. Plaintiff is informed and believes that Defendants knowingly induced, participated in, aided and abetted, and resultantly profited from the unlicensed use of Plaintiff's CD Sound Recording as alleged herein.

53. Plaintiff is informed and believes that Defendants are vicariously liable for the infringement alleged herein because they had the ability, responsibility, and authority to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Defendants were timely informed of their infringement of Plaintiff's CD Sound Recording, but failed to even investigate Plaintiff's claim.

54. By Defendants' acts of contributory and/or vicarious copyright infringement they have obtained direct and indirect profits they would not have realized but for their infringement of Plaintiff's copyrighted CD Sound Recording. Defendants should therefore be held liable for damages described herein subject to the discretion of the Court.

## JURY TRIAL DEMANDED

55. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

— That the Court enter judgment that the Defendants have infringed upon Plaintiff's copyrighted CD Sound Recording;

- That the Court enter judgment that Plaintiff's copyrighted CD Sound Recording is Plaintiff's exclusive property and that all rights of reproduction, licensing, and public performance thereof rest exclusively with Plaintiff.

- That the Court order Defendants to pay to Plaintiff the sum of $40,000, that being the amount of the Synchronization License Fee erroneously paid by Defendant Legendary Features Productions US, LLC to Defendant BMG Rights Management US, LLC.
  **(Exhibit 9: BMG Synchronization License)**

- That the Court consider whether Defendants' willful disregard for Plaintiff's rights entitle Plaintiff to an award of up to $150,000 under 17 USC § 504(c)(2) as revised in 1999.

- That Defendants', along with their officers, agents, servants, employees, affiliated entities, and all persons acting in concert with them, be preliminarily and permanently enjoined from committing the infringing acts alleged herein, in violation of 17 USC § 501;

- That Defendants be ordered to provide a full accounting of all performance royalties received to date by ASCAP, BMI, etc. in respect of Plaintiff's CD Sound Recording, and to revise the ASCAP/BMI cue sheets to assign all associated publishing revenues to the entity designated by Plaintiff. Additionally, Defendants shall provide an accounting of all profits attributable to the infringement of Plaintiff's CD Sound Recording;

- That Defendants' be ordered to provide an accounting of all costs attributable to the producing of the musical score to the Sequel including, but not limited to, composers' fee, recording musicians' fees, recording studio fees, music mixing fees, and music editing fees.

- That Defendants' be required to pay to Plaintiff all profits attributable to the infringement of the Plaintiff's CD Sound Recording, or, at Plaintiff's election, statutory damages as provided in 17 USC § 504;

— That Plaintiff be awarded his costs of suit under 17 USC § 505 including recovery of consultancy fees incurred in the enforcement of his rights, subject to the Court's discretion;

— That Plaintiff be awarded pre- and post-judgment interest on any damages awarded, at the highest lawful rate;

— That Plaintiff be granted such other and further relief as this Court deems just and proper.

Dated: October 29, 2025

Respectfully Submitted,

Carl Zittrer
Plaintiff, pro se
PO Box 14624
Pittsburgh, PA 15234
phone: (412) 290-4930
email: czittrer@gmail.com